1
2
3
4
5    UNITED STATES DISTRICT COURT
6    DISTRICT OF NEVADA
7
8   GLENN ALEXANDER BASS,                    2:11-CV-1017 JCM (GWF)
9         Plaintiff,
10  v.
11  JAMES HARRIS, et al.,
12        Defendants.
13

14                                    **ORDER**

15    Presently before the court is defendants John Braff, et. al.'s counter motion to amend/correct
16 pleadings to assert counterclaim.  (Doc. #33).  Defendants filed a copy of their proposed
17 counterclaim.  (Doc. #32).  Plaintiff Glen Alexander Bass filed an opposition. (Doc. #35).
18 Defendants then filed a reply. (Doc. #36).
19    Pursuant to the October 19, 2011, scheduling order, the deadline for motions to amend
20 pleadings and add parties was December 6, 2011.  (Doc. #23).  On March 8, 2012, plaintiff filed a
21 motion to extend deadlines. (Doc. #29).  Defendants filed a response to this motion (doc. #31), and
22 filed the instant counter motion to amend/correct pleadings (doc. #33).  Magistrate Judge Carl
23 Hoffman granted plaintiff's motion to extend deadlines at a hearing on March 26, 2012. (Doc. #34).
24    The instant motion asserts that plaintiff's motion to extend deadlines changed all of the
25 applicable dates except the deadline to amend pleadings or add parties. (Doc. #33).  Thus,
26 defendants state that the deadline for amending pleadings should be changed along with the other
27 deadlines, and the court should grant defendants' motion to amend the pleadings or defendants will
28

**James C. Mahan**
**U.S. District Judge**

be prejudiced in this matter. (Doc. #33).

In response, plaintiff argues that the instant motion to amend is dilatory, prejudicial, and futile. Plaintiff argues that any possible counterclaims were known to the defendants when plaintiff filed this suit on June 21, 2011. (Doc. #35). Further, the original scheduling order stated that any motion to amend must be filed by December 6, 2011. Thus, defendants have substantially delayed and amendment is not appropriate. Further, plaintiff argues that he would be prejudiced by amendment, because the deposition of James Harris has already been concluded and the time frame to promulgate new written discovery has expired. (Doc. #35). Accordingly, plaintiff would not have an opportunity to defend himself against the proposed counterclaims. (Doc. #35). Finally, plaintiff argues that one of the proposed counterclaims, the abuse of process claim, is futile, and amendment should not be granted. (Doc. #35).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

The court finds that there is good cause to grant defendants' counter motion to amend/correct pleadings to assert counterclaim. *See* FED. R. CIV. P. 16(b)(4); FED. R. CIV. P. 15(a). The proposed counterclaims all arise out of the same contractual agreements in dispute in the complaint and should be adjudicated in the same case. Magistrate Judge Hoffman granted plaintiff's motion to extend deadlines, and it is appropriate to extend the deadline to amend pleadings as well. While discovery has closed, plaintiff may move to reopen discovery on the narrow issue of the proposed counterclaim. Further, the close of discovery was very recent, April 27, 2012, so plaintiff would not be prejudiced by any additional limited discovery. Therefore, the court finds that there is no apparent reason to deny the motion to amend. *See Moore*, 885 F.2d at 538.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants John Braff, et. al.'s counter motion to amend/correct pleadings to assert counterclaim (doc. #33) be, and the same hereby is, GRANTED. Defendant shall file the proposed counterclaim (doc. #32) with the court within 7 days of entry of this order.

DATED April 30, 2012.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**