1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GLENN ALEXANDER BASS,

        Plaintiff,

v.

JAMES HARRIS, et al.,

        Defendants.

2:11-CV-1017 JCM (GWF)

**ORDER**

      Presently before the court is plaintiff Glenn Alexander Bass's motion for summary judgment. (Doc. # 45). Defendants James Harris, Titan International USA, Inc., and John Braff d/b/a L.A. Associates have filed an opposition (doc. # 46), to which plaintiff has replied (doc. # 49). Also before the court is defendants' counter motion for partial summary judgment. (Doc. # 47). Plaintiff has filed an opposition (doc. # 50), to which defendants have replied (doc. # 51).

**I.    Factual Background**

      Titan is in the business of certifying used cars via a noninvasive method of fluid testing to determine the health of the car's engine and transmission. (Doc. # 1, 43, Ex. 4, 14:3). In November 2008, plaintiff began working as an independent contractor to perform work on Titan's website. (Doc. # 45, Ex. 4, 14:3). On or about March 10, 2010, plaintiff entered into an employment contract with Titan. (Doc. # 45, Ex.1). The employment contract contemplated hiring plaintiff as the director of information technology. (Doc. # 45, Ex. 1). Plaintiff never received any payment under the employment contract.

**James C. Mahan**
**U.S. District Judge**

As an independent contractor, plaintiff designed and created an integrated computer system in conjunction with a website that facilitated communication between Titan and its clients. On or about March 10, 2010, plaintiff entered into a software license agreement with Titan covering the use of the integrated system designed by plaintiff for Titan's business operation. (Doc. # 45, Ex. 2). The license agreement outlined the obligations of each party such as royalties, ownership, confidentiality, enforcement, and warranties among other key provisions in relation to the software created by plaintiff. Sometime after March 2010, Titan hired Braff to perform corrective work and/or modify the source code provided by plaintiff.

Plaintiff alleges that defendants breached the above mentioned contracts and engaged in copyright infringement. (Doc. # 1). Plaintiff's specific causes of action against defendants are: (1) breach of contract against Harris and Titan; (2) breach of the covenant of good faith and fair dealing against Harris and Titan; (3) declaratory relief against Harris and Titan; (4) unjust enrichment against all defendants; (5) copyright infringement pursuant to 17 U.S.C. § 106(1), copying, against all defendants; (6) copyright infringement pursuant to 17 U.S.C. § 106(2), derivative work, against all defendant; (7) copyright infringement pursuant to 17 U.S.C. § 106(3), distribution, against all defendants; (8) contributory infringement against all defendants; (9) vicarious copyright infringement against all defendants; and (10) accounting against all defendants. (Doc. # 1).

Plaintiff has filed the instant motion seeking summary judgment on all his causes of action against defendants. (Doc. # 45). Defendants have also filed a motion seeking partial summary judgment on plaintiff's copyright infringement claims (*i.e.*, causes of action (5)-(9)).

## II.   Discussion

### A.   Standard of Review

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

(1986).

   In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

   In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

   If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

   In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Summary judgment is appropriate when the contract terms are clear and unambiguous, even

2    if the parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*,

3    843 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d

4    1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a

5    matter of law. *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982).

6    In Nevada, contractual construction is a question of law and "suitable for determination by summary

7    judgment." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

8    Where a moving party's papers are insufficient to support a motion for summary judgment,

9    or reveal a genuine issue of material fact, summary judgment is inappropriate. *Martinez v. Stanford*,

10   323 F.3d 1178, 1182-83 (9th Cir. 2003).

11   *B.    Analysis*

12   The court addresses the causes of action in relation to the agreements and/or conduct that

13   give rise to the causes of action.

14   *I.    Employment Contract*

15   The employment contract between plaintiff and Titan was contingent on the occurrence of

16   one of two happenings in order for the contract to become effectuated. The contract stated that:

17   Conditions that must be met by Titan prior to commencement of this agreement:

18   1. Titan is in the process of selling stocks. Upon the occurrence of any of the
     following this entire or partial agreement will go into effect.

19

20   a. Titan receives at least $200,000.00 US Dollars in funded investor capital.

21   b. Sales reach solid levels we can count on for a consistent flow of capital
     that meets Titans needs to support this contract on a solid footing.

22   2. Interim conditions will be as follows until the occurrence's [*sic*] above is achieved. Titan
     will provide Glen Bass basic income to help support his direct costs in conjunction with his

23   wives [*sic*] income.

24   (Doc. # 45, Ex. 1).

25   Plaintiff argues that Titan's president, Annette Conners-Harris, invested $500,000 into Titan

26   after the employment contract was signed. (Doc. # 45, 23-25). Plaintiff references Conners-Harris's

27   deposition to support his contention. (*See* doc. # 45, Ex. 4, 50:6-25). Plaintiff argues that this

28

James C. Mahan
U.S. District Judge

1 $500,000 satisfied the condition precedent for the employment contract to come into effect and thus

2 Titan's failure to pay plaintiff his salary breached the employment contract.

3      Defendants argue that Titan never received at least $200,000 in funded investor capital and

4 did not reach solid sale levels in order to provide a consistent flow of capital. (Doc. # 46, 3:21-23).

5 Defendants concede that Conners-Harris did contribute capital towards the ongoing operations of

6 Titan, but that these contributions were not related to the conditions that must be met by Titan in

7 order for the employment contract to take effect. (Doc. # 46, 3:24-28).

8      Plaintiff has not met its burden to show, with competent evidence, that the money invested

9 by Conners-Harris was at least $200,000 during the duration of the employment contract. Conners-

10 Harris's deposition is not clear on the dates the contributions were made or how much was

11 contributed on which date; Conners-Harris only states that these contributions were made sometime

12 "after June 2010." (Doc. # 45, Ex. 4, 5:15).

13      Further, it is unclear when plaintiff ceased working at Titan. Defendants state that the

14 employment contract ended "in or about June 2010" (doc. # 51, 3:4), but does not provide any

15 evidence to establish this statement. And plaintiff appears to indicate that the employment contract

16 ended in July 2012 (*see* doc. # 45, 8:21), but also does not provide any evidence to establish this

17 statement.

18      Any funded capital contributions made to Titan following plaintiff having left Titan would

19 not trigger the employment contract. Without this date, it is not possible to establish the time period

20 funded capital investments had to be made within to effectuate the contract.

21      In order for plaintiff to demonstrate that the employment contract was in effect such that there

22 could be a breach of contract, plaintiff "must come forward with evidence which would entitle [him]

23 to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co.*, 213

24 F.3d at 480. Plaintiff has not met his burden here.

25      The burden has not shifted to defendants as plaintiff has not satisfied his initial burden. *See*

26 *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Thus, the court need not rely on the evidence of

27 Conners-Harris's retirement account submitted by defendants to demonstrate that no contributions

28

James C. Mahan
U.S. District Judge

- 5 -

1    were made to Titan during the time period the employment contract was effective. (*See* doc. # 51 Ex.

2    A.).[1]

3          Thus, the court finds that plaintiff has failed to demonstrate that there is no genuine issue of

4    material fact as to whether defendants breached the employment contract. Therefore, plaintiff has

5    failed to establish that summary judgment is proper on his breach of contract claim and his breach

6    of the covenant of good faith and fair dealing claim on this basis.

7                              *ii.*     *License Agreement*

8          Sections 4(a) and (b) of the software license agreement state:

9          Bass will not own the right, title and interest in, or the intellectual property to, any
           enhancements, updates or other modifications to the Software made solely by Titan
10         ("Titan Modifications"), and Titan will own all property rights, including the
           intellectual property rights in, and associated with the Titan Modifications.
11
           Titan hereby agrees that it will not attack or otherwise challenge the title, validity or
12         any rights of Bass in and to the Software and all improvements and derivative works
           developed by Bass with respect thereto and will not claim any ownership rights to the
13         Software or any improvements or derivative works developed by Bass with respect
           thereto other than the license rights granted in this Agreement. Violation of any
14         provision of this Section 4(b) will be the basis for immediate termination of this
           Agreement by Bass.
15

16    (Doc. # 45, Ex. 2, §§ 4(a), 4(b)).

17         It appears that plaintiff's main contention for breach of the license agreement is that

18    defendants have allegedly taken actions that are inconsistent with plaintiff's ownership of the

19    integrated system. To establish a breach of the license agreement, plaintiff relies on several exhibits

20    that do not meet the authentication requirements of *Orr*. *See Orr v. Bank of America*, 285 F.3d 764

21    (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary

22    judgment). Where plaintiff has failed to properly authenticate evidence provided to support summary

23    judgment under the standards set forth in *Orr*, the court cannot find that plaintiff has carried his

24    burden under Rule 56. Specifically, the court finds that exhibit 5, exhibit 7, exhibit 8, and exhibit

25    9 have not been properly authenticated for the purposes of summary judgement.[2] *See* FED. R. CIV.

26    ────────────────────

27         [1] Defendants have not moved for summary judgment on the causes of action related to the employment contract.

28         [2] These exhibits lack signatures from the proper parties or require affidavits to establish personal knowledge.

James C. Mahan
U.S. District Judge                                          - 6 -

1    P. 56(e).

2        Plaintiff also points to a brief submitted by defendants on a different matter to establish that

3    the license agreement had been breached. In the brief, defendants stated that "any efforts and/or work

4    by BASS with respect to the software required by Titan to run its business had to be modified so

5    extensively that the current system is the sole property of Titan pursuant to the terms and conditions

6    of the parties' agreement." (Doc. # 45, 4:15-18, citing doc. # 14, 4:12-14). While the court may

7    consider a statement of fact contained in a brief as an admission of a party, *see American Title*

8    *Insurance Co. v. Lancelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988), this is insufficient to establish

9    that there was a breach of the license agreement. Further, sections within the license agreement seem

10   to support defendants' ownership of defendants' modifications to the software. (*See* doc.# 45, Ex.

11   2, § 4(a)).

12       Thus, the court finds that plaintiff has failed to demonstrate that there is no genuine issue of

13   material fact as to whether defendants breached the license agreement. Therefore, plaintiff has failed

14   to establish that summary judgment is proper on his breach of contract claim and his breach of the

15   covenant of good faith and fair dealing claim on this basis.

16               *iv.    Copyright infringement*

17       Plaintiff's copyright infringement claims are contingent upon plaintiff establishing that the

18   license agreement was breached and/or terminated. Plaintiff argues that upon defendants violating

19   the license agreement, the agreement terminated. (Doc. # 49, 5:6-7). Plaintiff states that it is

20   undisputed that plaintiff "terminated the licensing agreement on or about September 30, 2011

21   directly related to Sec. 4(b) of the licensing agreement." (Doc. # 49, 5:13-14). Although, not in

22   plaintiff's motion for summary judgment, plaintiff claims that "[a]t a minimum it is undisputed that

23   the Defendant's [*sic*] are continuing to use the integrated system despite the express termination of

24   the agreement." (Doc. # 49, 5:14-15). Plaintiff's contention for copyright infringement arises *after*

25   plaintiff filed the instant action, and thus cannot serve as the basis of his copyright infringement

26   claims.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Further, plaintiff relies on the same exhibits, referenced above, to establish copyright

2    infringement. As stated these exhibits have not been properly authenticated, *see Orr*, 285 F.3d 764,

3    and as such the court cannot find that plaintiff has carried his burden under Rule 56 to establish

4    copyright infringement.[3]

5    Defendants also move for summary judgement on the copyright infringement claims;

6    however, defendants have also failed to provide competent evidence to demonstrate that they are

7    entitled to summary judgement on these claims. Defendants seem to misunderstand the standard for

8    summary judgement. Plaintiff's failure to met his burden does not establish that summary judgement

9    in favor of defendants is proper. Further, defendants, as the moving party to their motion for partial

10   summary judgement, have the burden to establish that they did not infringe on plaintiff's copyright.

11   Defendants have not met that burden here.

12   Thus, the court finds that plaintiff and defendants have failed to demonstrate that there is no

13   genuine issue of material fact as to whether defendants infringed on plaintiff's copyright. Therefore,

14   plaintiff and defendants have failed to establish that summary judgment is proper on plaintiff's

15   copyright claims.

16   **III.    Conclusion**

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff Glenn

19   Alexander Bass's motion for summary judgment (doc. # 45) be, and the same hereby is, DENIED.

20   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the defendants James Harris,

21   Titan International USA, Inc., and John Braff d/b/a L.A. Associates's counter motion for partial

22   summary judgment (doc. # 47) be, and the same hereby is, DENIED.

23   DATED October 31, 2012.

24

25                                                        _____

26                                                        **UNITED STATES DISTRICT JUDGE**

27   _____

     [3] The court also notes that plaintiff has not submitted any evidence of the valid copyright registration for
28   plaintiff's copyrighted work.

**James C. Mahan**
**U.S. District Judge**