UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLEN ALEXANDER BASS,                )
               Plaintiff,              )   Case No. 2:11-cv-01017-JCM-CWH
                               )
vs.                                 )   **REPORT AND**
                               )   **RECOMMENDATION**
JAMES HARRIS, *et al*.,              )
               Defendants.             )
_____)

      This matter was referred to the undersigned Magistrate Judge on Plaintiff Glen Alexander Bass's ("plaintiff") Motion to Enforce Settlement Agreement and Reduce to Judgment (doc. # 71), filed September 11, 2014. No opposition was filed, although James Harris ("Harris"), on behalf of Defendant Titan USA International ("Titan"), filed a Notice of Letter in response to plaintiff's motion. See Doc. # 74.

**BACKGROUND**

      During a settlement conference held on April 9, 2013 before the undersigned, the parties reached a settlement agreement. See Doc. # 59. At the conclusion of the settlement conference, the parties signed a Memorandum of Settlement Conference Agreement ("memorandum"), which included the material terms of the agreement and instructed the parties to execute settlement documents that carried the terms stated in the memorandum. The agreement was later reduced to writing as ordered, with Harris, on behalf of Titan, signing the agreement on June 24, 2013. See Doc. # 71 at 14.

      The agreement discharges the individual defendants in this action from any liabilities, and provides that the remaining defendant, Titan, pay plaintiff $30,000 within 60 days of the settlement

agreement execution date and $100,000 within three years in three equal installments. Id. at 10-11. Plaintiff alleges, however, that Titan failed to make any payments despite follow-up efforts by plaintiff's counsel to contact Titan. Thus, plaintiff asks the Court to enforce the parties' settlement agreement and to reduce the agreement to judgment in the amount of $130,000.

Harris, on behalf of Titan, opposes plaintiff's motion, claiming "the documents [cited by plaintiff] do not reflect the facts" of the agreement. Doc. # 74 at 1. Harris argues that no payment was ever made because he neither received a "response to... [his August 29, 2014] letter nor any wire transfer information" from plaintiff. Id. Harris further argues that Titan is not in default until November 1, 2014 and that he gave plaintiff "notice ahead of time that... [Titan] will not be able to pay completely by then." Id. at 2.

## **DISCUSSION**

As a preliminary matter, the Court notes that it retains ancillary jurisdiction to address plaintiff's motion. See Chevron U.S.A. Inc. v. Sheikhpour, 469 F. App'x 593, 595 (9th Cir. 2012) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994)) ("Even when ... the dismissal is [a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) ] (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to ... retain jurisdiction over the settlement contract[ ] if the parties agree."); see also Doc. # 71 at 13 (parties consent to this Court's jurisdiction).

Turning to plaintiff's motion, the Court observes that Titan has not filed an opposition in the instant case. Rather, Harris has filed a "notice" on behalf of Titan. Corporations are required to have licensed counsel when they appear in federal court. See Rowland v. California Men's, Unit II Advisory Council, 506 U.S. 194, 202 (1993) (Courts agree that 28 U.S.C § 1654 "does not permit corporations ... to appear in federal court otherwise than through a licensed attorney"). A corporation's failure to comply with this requirement may result in a default against the corporation or dismissal of its claims. See United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir.1993); Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 998 (9th Cir.2007); In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994).

//

Here, Titan has failed to appear before the Court through counsel, as is required of a corporation. Indeed, Titan has yet to have counsel appear on its behalf to oppose plaintiff's motion. Instead, Harris improperly filed a notice on behalf of Titan, which this Court refuses to accord any weight, in an attempt to oppose plaintiff's motion. Because Titan fails to comply with the requirement that it be represented by counsel, the Court finds that plaintiff's motion should be granted.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Enforce Settlement Agreement and Reduce to Judgment (doc. # 71) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 22, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**