UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GLEN ALEXANDER BASS,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES HARRIS, et al.,<br><br>Defendant(s). | Case No. 2:11-CV-1017 JCM (GWF)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Hoffman. (Doc. # 75). Defendant Titan International USA (hereinafter "defendant" or "Titan") filed an objection, (doc. # 76), to which plaintiff Glenn Alexander Bass (hereinafter "plaintiff") responded, (doc. # 77).

**I.   Background**

On June 21, 2011, plaintiff brought the instant action against defendant Titan, its individual co-defendants James Harris ("Harris") and John Braff ("Braff"), and numerous other unnamed defendants. (Doc. # 1). Plaintiff alleged that defendants owed plaintiff money for work performed under his employment, compensation, and software license agreements with defendant Titan. (Doc. # 76).

The parties engaged in a settlement conference on April 9, 2013, and reached a settlement agreement which was reduced to writing. (Doc. # 59). As a result, the instant action was dismissed with prejudice. (Doc. # 69).

The agreement discharged the individual defendants from liability. (Doc. # 76). Defendant Titan agreed to pay $30,000 within 60 days of execution of the settlement agreement, and a further $100,000 to be paid in three equal installments within three years from the date of

**James C. Mahan**
**U.S. District Judge**

the first payment. (Doc. # 76-1). These conditions were set forth at paragraph 2, entitled "payment." (Doc. # 76-1). In exchange for this payment, defendants were permitted to continue using software created and developed by plaintiff. (Doc. # 77).

However, at paragraph 3 of the agreement, entitled "security for Titan's payment," defendant also agreed that in the event of default on payment obligations, it would cease using any and all software created or developed by plaintiff. (Doc. # 76-1).

The agreement provided that defendant would have ten days to cure default, and would be required to cease use on the eleventh day if it did not comply. (Doc. # 76-1). This paragraph also provided that defendant would physically turn over the software and eliminate it from its systems by the fifteenth day of default. (Doc. # 76-1).

On or about November 1, 2013, defendant made the initial payment of $30,000. (Doc. # 76-1). On September 11, 2014, plaintiff filed a motion to enforce settlement agreement and reduce to judgment. (Doc. # 71). Plaintiff stated that defendant had failed to make its first installment payment within the requisite one-year period. (Doc. # 71). Accordingly, plaintiff requested that the court reduce the settlement to judgment. (Doc. # 71).

Defendant Titan did not file a response. However, defendant Harris filed a notice of letter in response to plaintiff's motion on behalf of defendant Titan. (Doc. # 74).

Judge Hoffman then considered the motion and issued a report and recommendation. (Doc. # 75). He noted that a corporation must appear by licensed counsel, and that failure to comply with this requirement may result in default or dismissal. (Doc. # 75). Because defendant failed to comply with this requirement, Judge Hoffman recommended that plaintiff's motion be granted. (Doc. # 75). Defendant then filed the instant objection through counsel. (Doc. # 76).

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept,

**James C. Mahan**
**U.S. District Judge**

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. LR IB 3-2(a). Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen days after service of the motion. LR 7-2.

### III.  Discussion

Defendant entitles its objection as an "opposition to motion to enforce settlement agreement and objections to report and recommendation." (Doc. # 76). In this filing, defendant states that "Titan is unable to make the installment payment and is therefore turning over the software and eliminating all Bass created and developed software from Titan's systems pursuant to the terms and conditions of the Agreement." (Doc. # 76).

Plaintiff first argues that his motion should be granted because defendant's opposition and objections are untimely. (Doc. # 77). Plaintiff also contends that his motion should be granted on the merits due to defendant's failure to make its installment payment in a timely manner. (Doc. 77).

Finally, plaintiff states that all defendants are in breach of the terms of the settlement agreement because they continue to use the software at issue. Plaintiff notes that defendants continue to market their product and that he has not received any notice of code modifications. (Doc. # 77).

Defendant argues that "the Agreement does not allow for the entry of judgment for the balance of the installment payments if there is a default or breach in said payments." (Doc. # 76). The court disagrees. The software conditions were included in the agreement as security for Titan's payment. While paragraph 3 of the agreement requires defendant to cease use and surrender the software in the case of default, it does not discharge defendant's payment duties pursuant to paragraph 2.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Despite its untimeliness, defendant filed an opposition through counsel, which Judge Hoffman never had a chance to consider. However, the court concurs with his recommendation to grant the motion for the reasons above. Therefore, plaintiff's motion to enforce settlement and reduce to judgment will be granted.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court DECLINES TO ADOPT the report and recommendation of Magistrate Judge Hoffman, (doc. # 75), because they are now moot.

IT IS FURTHER ORDERED that plaintiff's motion to enforce settlement, (doc. # 71), be, and the same hereby is, GRANTED.

DATED December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -